UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WENDALL A. JONES, # 169677,

        Petitioner,

v.                                              ACTION NO.
                                                    2:04cv566

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**OPINION AND ORDER**

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

        Petitioner Wendall A. Jones ("Jones") claims his constitutional rights were violated during a prison disciplinary hearing in which he was found guilty of attempting to escape, resulting in the loss of earned good time credit and transfer to a higher security correctional center.

**A. Background**

        In 1989, Jones was convicted of armed robbery in Portsmouth Circuit Court. Jones was housed in a North Carolina minimum security work center from March 6, 2000, through April 9, 2003, pursuant to the Interstate Corrections Compact. In March of 2003, an investigation was

conducted by North Carolina officials who received information from two confidential informants that Jones was planning an escape.

A disciplinary hearing was held on March 19, 2003, and Jones pled not guilty. Based upon the testimony and evidence presented at the hearing, the disciplinary hearing officer ("DHO") found Jones guilty of attempting to escape. The decision was upheld by the Chief Disciplinary Hearing Officer on June 27, 2003.

On April 1, 2003, the Virginia Department of Corrections received a letter from the Interstate Corrections Compact Coordinator for North Carolina requesting that Jones be returned to Virginia to serve the remainder of his sentence. Due to Jones' receiving two major disciplinary infractions, one for possession of unauthorized funds and one for attempting to escape, he was no longer considered an appropriate candidate for a general population assignment in the North Carolina Department of Correction. Jones was returned to Virginia on April 9, 2003.

Jones filed a habeas petition with the Virginia Supreme Court on March 5, 2004. The petition was dismissed as frivolous on April 29, 2004, and Jones' petition for rehearing was denied on June 17, 2004.

Jones, presently in the custody of the Virginia Department of Corrections at the Southampton Correctional Center in Capron, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 24, 2004. Jones filed a Motion to Amend his petition on October 20, 2004, in order to request an evidentiary hearing. [Document No. 8]. The respondent filed a Rule 5 Answer and Motion to Dismiss with an accompanying affidavit in support on November 18, 2004. On December 30, 2004, Jones filed a Motion to Compel Discovery [Document No. 17] requesting copies of his phone transcripts and his written statements, and a Motion for Partial Summary

Judgment [Document No. 18] on his due process claims.

## B. Grounds Alleged

Jones now asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) his due process rights were violated during a disciplinary hearing where he was found guilty of attempting to escape, resulting in a loss of all earned good time credit, and transfer to a higher security institution; and,

(b) his due process rights were violated when the Chief Disciplinary Officer failed to respond to his appeal within the 60-day time frame set by the North Carolina Department of Corrections.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition, all of Jones' claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir.), cert. denied, 510 U.S. 984 (1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447(1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Jones' petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in the present petition; therefore Jones has met the exhaustion requirement.

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that

the Virginia Supreme Court adjudicated on the merits[1] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 1511. Further, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 1522.

The Virginia Supreme Court, on April 29, 2004, dismissed Jones' petition for habeas corpus as frivolous. Because the Virginia Supreme Court summarily rejected Jones' petition, this Court will conduct an independent review of the applicable law to determine whether Jones has made the

---

[1] The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits." Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162. The Supreme Court has further admonished,

> factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(c)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

Miller-El v. Cockrell, 537 U.S. 322 (2003).

Jones asserts his due process rights were violated during the disciplinary hearing in which he was found guilty of attempting to escape, resulting in the loss of seven years of earned good time credit, and transfer to a higher security prison. Jones alleges the hearing officer was biased, intentionally suppressed evidence of Jones' innocence, and knowingly used false statements by a confidential informant. Jones further alleges his due process rights were violated when he was denied copies of the transcripts of his phone conversations. Jones claims phone transcripts of his conversations clearly prove he had no intention of attempting escape. He points out that during his calls to his girlfriend, he asked her to bring money to his job site in low denominations because inmates at that facility were not allowed to have currency larger than five dollar bills. He argues this request supports his position of intending to return to the work center.

With respect to Jones' claim regarding his transfer to a higher security facility, the Constitution does not vest an inmate with a liberty interest in retaining or receiving a certain custody

status. Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir.), cert. denied, 513 U.S. 889 (1994). "[T]he security and custody classification of state prison inmates is a matter for state prison-official discretion whose exercise is not subject to federal procedural due process constraints." Id. Therefore, Jones' argument that he was inappropriately transferred out of his minimum security work center is not subject to review by this Court.

However, in Wolff v. McDonnell, 418 U.S. 539 (1974), the Court held that due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits. These procedural protections include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. 418 U.S. at 563-567. Jones admits he received written notice of the charge. See Jones' Motion for Partial Summary Judgment p. 2; Ex. 1 to Jones' Petition for Habeas Corpus in the Virginia Supreme Court. Further, it is clear the third procedural protection was afforded, as Jones attached a copy of the written statement to his habeas petition. See Ex. 6 to Petition.

Jones asserts he was not provided with copies of the telephone transcripts which the DHO relied upon to reach a decision. The record shows that during the disciplinary hearing, the DHO read a transcript of a phone conversation Mr. Jones had with a female. In the written statement of his decision, the DHO summarized the portion of the phone transcript relied upon in reaching his decision: "[i]n the phone conversation the inmate told the female to meet him in the back of the work site. The inmate also asked the female what size car did she have." See Exhibit 6 to the Petition. Jones does not dispute either of these statements in his Petition. The DHO admitted he did

not know what Jones intended to do once he got into the car.  Despite this, the DHO found Jones guilty of attempting to escape, explaining, "punishment imposed is due to the inmate's actions and to prevent this type of behavior in the future." Id.  Jones has failed to show a violation of his due process rights occurred when the North Carolina officials refused his request for copies of the transcripts of his telephone conversations.

The court further held in Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445 (1985), that prior to revoking a prison inmate's good time credits, the prison disciplinary board must comport with "the minimum requirements of procedural due process," meaning there must be "some evidence" in the record to support its findings.  This standard does not require an examination of the entire record, or a reweighing of the credibility of witnesses and other evidence. Id.; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990) (holding a record of a prison disciplinary hearing need not establish the reliability of a confidential informant to meet the "some evidence" standard).

A review of the hearing decision reveals a confidential informant overheard Jones' telephone conversation on March 11, 2003, during which he explained he was going to leave the work center the first chance he got because he had previously been written up.  A second confidential informant reported he overheard Jones' planning an escape during a telephone conversation on March 9, 2003.  Both confidential informants were considered reliable as they had been reliable sources in the past.

The report from the North Carolina investigator states that copies of the transcripts of Jones' telephone calls for the period of March 9, 2003, through March 11, 2003, had been reviewed.  During several of these calls, Jones asked a female to meet him at a job site and to bring him money.  Based on information received during the investigation, the female's car was stopped and searched

upon leaving the job site. In a written statement, she admitted Jones had contacted her by telephone to request that she meet him at a specified time and place. The disciplinary hearing officer found Mr. Jones guilty of attempting to escape. There was certainly "some evidence" supporting this decision.

Lastly, Jones asserts his due process rights were violated when the Chief Disciplinary Officer failed to respond to his appeal until over two months past the 60-day time frame established by the guidelines of the North Carolina Department of Corrections. "In conducting habeas review, a federal court is limited to deciding whether there has been a violation of "the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). A claim that state law was violated "may not be reached unless the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice,' or [there are] 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978), cert. denied, 440 U.S. 937 (1979). Neither exception applies in this case.

The Virginia Supreme Court dismissed Jones' habeas petition which raised the same issues raised in the petition before the Court. There is no indication from the record that the adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination on the facts. Therefore, this Court denies Jones' petition.

### III. ORDER

For the foregoing reasons, it is hereby ORDERED that Jones' petition for writ of habeas corpus is DENIED and DISMISSED and judgment is entered in favor of respondent.

Jones' Grounds (a) and (b) are DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Jones' Motion to Amend [Document No. 8], Motion to Compel Discovery [Document No. 17], and Motion for Partial Summary Judgment [Document No. 18] are hereby DENIED.

Jones may appeal from the judgment entered pursuant to this Order by filing a written notice of appeal with the Clerk of this Court, United States Granby Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

Jones has failed to demonstrate " a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

The Clerk shall mail a copy of this Opinion and Order to Wendall A. Jones and to William W. Muse, Esq., Assistant Attorney General of Virginia.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

May 27, 2005